3220 Steuben Ave. Realty Corp. v. Commissioner.
3220 Steuben Ave. Realty Corp. v. Commissioner
Docket No. 46572.
United States Tax Court
T.C. Memo 1954-105; 1954 Tax Ct. Memo LEXIS 140; 13 T.C.M. (CCH) 688; T.C.M. (RIA) 54211; July 26, 1954, Filed Max H. Zabronsky, Esq., 1501 Broadway, New York, N. Y., for the petitioner. Maurice E. Stark, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined deficiencies in income tax and personal holding company surtax for the taxable year ended January 31, 1948, in the amounts of $22.79 and $2,927.88, respectively. Two questions are presented for decision: (1) Whether, for purposes of computing its undistributed subchapter A net income for its taxable year ended January 31, 1948, petitioner, *141 a personal holding company, is entitled to a credit for dividends paid where it paid dividends in the amount of $2,835 on March 1, 1948, but had neither declared nor paid any dividends during its said taxable year and there were no consent dividends; and (2) Is petitioner entitled to deduct from its subchapter A net income the amount of a deficiency in Federal income tax determined against petitioner for its taxable year ended January 31, 1948 in the statutory notice of deficiency issued herein? All of the facts have been stipulated and are so found and the stipulation is incorporated herein by reference. [Findings of Fact] Petitioner, a corporation, was a personal holding company within the meaning of section 501 of the Internal Revenue Code. The returns for the period here involved were filed with the collector of internal revenue for the third district of New York. Its taxable year ended January 31, 1948. It paid dividends in the amount of $2,835 to its stockholders on March 1, 1948. No dividends were declared or paid during petitioner's taxable year ended January 31, 1948. The statutory notice of deficiency was mailed to petitioner on November 4, 1952. *142 [Opinion] Petitioner has filed no written brief and has neither made nor requested an opportunity to argue its case orally. We are unenlightened as to the nature of petitioner's contentions. Our own study of the meager record and of the Commissioner's brief leads us to conclude that the Commissioner must be sustained on the issues raised herein. Clearly, petitioner has failed to bring itself within the Code sections providing for a dividends paid credit. See sections 26(f), 27(a) and (b), and section 504(a). Furthermore, on the second issue, it is also clear that the deficiency in income tax was not determined until sometime after the close of petitioner's taxable year. This deficiency was not paid within the taxable year. Neither was the liability properly accruable within the taxable year since all of the events fixing the amount of the tax and petitioner's liability to pay it had not occurred within the taxable period. A third issue has been conceded by the Commissioner. Decision will be entered under Rule 50.